Aponte Jimenez, Juez Ponente
*1088 TEXTO COMPLETO DE LA RESOLUCION
El señor Luis A. Morales Molina, miembro del cuerpo de oficiales de la Policía de Puerto Rico, nos insta a que revoquemos una resolución de la Comisión de Investigación, Procesamiento y Apelación (C.I.P.A.), mediante la cual se le suspendió de empleo y sueldo por un período de sesenta (60) días. Por las razones que a continuación exponemos, se deniega la expedición del auto de revisión solicitado.
El Superintendente de la Policía de Puerto Rico (en lo sucesivo "el Superintendente"), luego de practicar una investigación y celebrar una vista administrativa, suspendió de empleo y sueldo al oficial Morales Molina (en adelante "el recurrente ") por haber infringido el Art. 5, sección 5.2(1) y (2), y el Art. 14, sección 14 5(27), del Reglamento de Personal de la Policía (Reglamento de la Policía). Los mismos tratan sobre los deberes y responsabilidades de los miembros de la Fuerza y el observar conducta lesiva, inmoral o desordenada en detrimento de la Policía. Esta última falta es considerada como grave. No conforme, el recurrente acudió a la C.I.P.A. Solicitó que se dejara sin efecto el castigo. Dicho foro celebró una vista en la cual las partes tuvieron oportunidad de presentar evidencia. En contra del recurrente declaró el testigo, Jesús Marcano Cruz. La C.I.P.A. confirmó el dictamen apelado. Le aumentó a sesenta (60) días la suspensión impuesta al recurrente por el Superintendente de la Policía. De ese dictamen, el recurrente acude ante nos.
La apreciación de la prueba presentada se puede relacionar como sigue: El recurrente, en unión a un compañero policía y unas damas se encontraban compartiendo (tomando cervezas y jugando billar) en un negocio del pueblo de Naguabo. Al lugar llegaron el testigo, Jesús Marcano Cruz, y el señor Eliudes Martínez (Q.E.P.D.) con signos de haber ingerido bebidas alcohólicas. Eliudes "[cjomenzó a hablarle a las damas en forma imprudente, pero no indecorosamente". El recurrente empujó a Eliudes para sacarlo del negocio y éste se cayó al suelo. Su acompañante, Jesús, se acercó para auxiliarlo y con una servilleta limpió parte de la sangre que emanaba de la cabeza de Eliudes. Este se encontraba aún tirado en el suelo mientras el recurrente le tenía un pie puesto sobre el pecho. Jesús se dirigió al auto en el que andaban a buscar un paño para continuar limpiando la sangre de Eliudes. El recurrente lo siguió. Ya al lado del auto, el recurrente empujó a Jesús, quedando éste sentado en el asiento del vehículo con las piernas hacia afuera, lo que aprovechó el recurrente para presionarlas con la puerta del auto y darle un puntapiés. También, el recurrente le apuntó a Jesús con su arma de fuego, y lo golpeó con la culata de la misma, causándole una herida abierta. A raíz de este incidente, los agredidos presentaron una querella contra el recurrente.
En vista a ese cuadro fáctico, la C.I.P.A. concluyó que el recurrente había violado los incisos 12 y 27 del Art. 14, Sección 14.5 del Reglamento de la Policía. A su vez, determinó, a nuestro juicio correctamente, que la sanción impuesta por el Superintendente, debido a la naturaleza grave de las faltas probadas, fue muy leniente. La aumentó de diez (10) a sesenta (60) días de suspensión de empleo y sueldo. Ante nos, el recurrente argumenta que la C.I.P.A. erró al "[cjonfirmar y aumentar la sanción impuesta sin estar respaldada por suficiente evidencia". Apoya su contención en que la única prueba en su contra fue el *1089 increíble y prejuiciado testimonio de uno de los perjudicados. No tiene razón.
En nuestro ordenamiento jurídico, el testimonio de un sólo testigo, de ser creído, es suficiente para probar los hechos imputados al recurrente. Pueblo v. Chévere Heredia, 95 J.T.S 115, a la pág. 35; Pérez v. Acevedo Quiñones, 100 D.P.R. 894, 899 (1972). En relación con las determinaciones de hechos de los organismos administrativos, los tribunales debemos conceder la mayor deferencia a las determinaciones de hechos de las decisiones de las agencias administrativas, Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A sec. 2175; Metropolitana, S.E. v. A.R.P.E., 95 J.T.S. 39, a la pág. 767. Incluso, merece deferencia la apreciación de credibilidad sobre los testigos hecha por la C.I.P.A. Véase, Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 670, 687 (1953); J.R.T. v. Escuela Coop. E.M. De Hostos, 107 D.P.R. 151, 168 (1978) (opinión concurrente del Juez Presidente Trías Monge). Conforme a lo anterior, quien cuestione las determinaciones de hechos de las entidades administrativas tiene la carga de demostrar, examinada la totalidad del expediente administrativo, que éstas no están sostenidas por evidencia sustancial, o que existe otra prueba en el expediente que menoscabe tal evidencia, hasta el punto de considerar irrazonable concluir que las determinaciones están sostenidas por la prueba. Hilton Hotels v. Junta de Salario Mínimo, supra, a la pág. 686. El recurrente no ha demostrado la inexistencia de prueba sustancial en el expediente para sostener las determinaciones de hechos déla C.I.P.A. Tampoco nos indica qué otra evidencia en el récord administrativo menoscaba el testimonio del señor Jesús Marcano Cruz hasta el punto de hacerlo increíble. A nuestro juicio, es suficiente dicho testimonio para establecer lo que ocurrió en el descrito incidente. No estamos en posición de intervenir con la credibilidad que la C.I.P.A. otorgó a este testimonio.
De otro lado, nada impide en la ley que la C.I.P.A., al revisar un dictamen bajo su facultad apelativa, pueda aumentar las sanciones disciplinarias impuestas por el Superintendente. Así claramente se desprende de los Arts. 2 y 3 de la Ley Núm. 32 de 22 de mayo de 1972, según enmendada, sees. 172 y 173, la cual creó a la C.I.P.A. y le asignó sus funciones y facultades. El aludido Art. 2, en su segundo inciso, dispone que la C.I.P.A.:

“Actuará como un cuerpo apelativo con jurisdicción exclusiva para oír y resolver apelaciones interpuestas por los funcionarios públicos cubiertos por este Capítulo, cuando el jefe o director del organismo o dependencia de que se trate les haya impuesto cualquier medida disciplinaria en relación con actuaciones cubiertas por este Capítulo, o con faltas leves en que haya, impuesto una reprimenda o suspensión de empleo y sueldo o faltas graves en el caso de miembros de la policía o de otras agencias que tengan reglamentación similar. También podrá entender en apelaciones interpuestas por cualquier ciudadano perjudicado por la actuación del funcionario, cuando dicho ciudadano no esté conforme con la determinación de tal funcionario.

La Comisión, luego de celebrar la vista correspondiente,..., podrá confirmar, revocar o modificar la determinación o actuación de la cual se hubiere apelado, o podrá imponer cualquier sanción que la autoridad facultada para sancionar hubiese podido imponer. ”

1 L.P.R.A. see. 172 (Supl. 1997) (Enfasis suplido).
Estando el Superintendente facultado para imponer una sanción por actos constitutivos de falta grave hasta un máximo de cinco (5) meses, y por ser los hechos probados contra el recurrente constitutivos de faltas grave, la C.I.P.A. tenía autoridad para aumentar la sanción de diez (10) a sesenta (60) días de suspensión, en vista de que puede "[ijmponer cualquier sanción que la autoridad facultada para sancionar hubiese podido imponer." (Enfasis suplido).
Conteste con la antes señalada normativa, el error aducido no se cometió, por lo cual *1090 denegamos expedir el auto de revisión administrativa interpuesto.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 90
1. El recurrente alega que la C.I.P.A. no, le permitió presentar evidencia. No obstante, no indica cuál evidencia específica la C.I.P.A. no le permitió presentar.
2. Se considerarán faltas graves las siguientes:

"1. Demostrar incapacidad manifiesta, ineptitud, descuido parcialidad o negligencia en el desempeño de sus deberes, funciones y responsabilidades.

2. Amenazar con, o hacer uso de un arma de fuego contra cualquier persona, excepto en casos de legítima defensa propia o la de un semejante.

27. Observar una conducta lesiva, inmoral o desordenada en detrimento del Cuerpo de la Policía. ”

3. El Art. 3, en parte, establece que:

"La Comisión tendrá jurisdicción exclusiva para actuar como cuerpo apelativo en los casos que se especifican a continuación:

“(1).

(2) en casos donde el Superintendente de la Policía o su representante autorizado haya impuesto cualquier medida o sanción disciplinaria a un miembro de la Policía en relación a la comisión de faltas leves o faltas graves según disponen las secs. 1001 et seq. del Título 25 y su reglamento."

4. Miembros de la Policía de Puerto Rico

"a. El Superintendente tomará las medidas correctivas apropiadas cuando un miembro de la Policía de Puerto Rico incurra en violación de cualquiera de las faltas clasificadas en graves o leves. El castigo a imponerse por falta grave podrá ser uno de los siguientes: expulsión del Cuerpo, degradación o suspensión de empleo y sueldo por un período no mayor de cinco (5) meses, y el castigo a imponerse por falta leve podrá ser uno de los siguientes: suspensión de empleo y sueldo por un período que no exceda de diez (10) días y/o amonestación escrita. ”

5. Id., Art. 14, Sec. 14 5(1), (2) y (27), supra.